UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODRIC BALLARD.,

    Plaintiff,

v.

Case No. 13-12931
Hon. Lawrence P. Zatkoff

LAW OFFICES OF DAVID A. KOTWICKI,
Et al.,

    Defendants.
_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 30, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff submitted his *pro se* complaint [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on July 5, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and Plaintiff's *pro se* complaint is DISMISSED.

### II. ANALYSIS

**A. Plaintiff's Request to Proceed** *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical

error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* [dkt 2].

**B. Review of Plaintiff's Complaint**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Apart from its screening duty under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that a federal court is always "under an independent obligation to examine [its] own jurisdiction"); *Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("A district court may *sua sponte* dismiss an action when it lacks subject-matter

jurisdiction."). A federal court may not entertain an action over which it has no jurisdiction. *See Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

Here, even under the most liberal standards afforded to *pro se* litigants, Plaintiff's complaint must be dismissed because the Court lacks subject-matter jurisdiction. Plaintiff asserts the following counts: legal malpractice, fraudulent misrepresentation, innocent misrepresentation, detrimental reliance, intentional infliction of emotional distress, and exemplary damages. Notably, all of the foregoing counts are grounded in state law. Without even considering the legal viability of these claims, Plaintiff's complaint suffers from a fundamental deficiency—the failure to properly establish that this Court possesses subject-matter jurisdiction. In other words, because Plaintiff has failed to plead a federal cause of action, and because the parties in this case are not completely diverse under 28 U.S.C. § 1332(a), the Court has no jurisdictional basis to entertain this case. As such, the Court dismisses Plaintiff's complaint.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's *pro se* complaint [dkt 1] is DISMISSED for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

                                                                        s/Lawrence P. Zatkoff
                                                                        Hon. Lawrence P. Zatkoff
                                                                        U.S. District Judge

Dated: July 30, 2013